### Abstract of the Decision.

1. INJUNCTION, § 184*—*irreparable injury.* Bill for an injunction must set forth facts tending to show that the injury is irreparable and that defendant is not able to respond to any judgment of law which might be obtained.

2. INJUNCTION, § 177*—*when bill demurrable for want of equity.* Bill to enjoin defendant from appropriating seven feet of an entrance or driveway leading to premises leased by complainant, *held* demurrable where from the indefiniteness of the description of the premises it cannot be determined whether such driveway is embraced in the lease or whether the driveway is necessary to the beneficial enjoyment of the lease, or whether complainant would be seriously injured by narrowing the entrance, or whether if so narrowed, a way convenient for ordinary, necessary and reasonable ues of the premises would not still remain.

3. INJUNCTION, § 177*—*when bill demurrable for want of equity.* The owner of leased property will not be enjoined, at the suit of the lessee from appropriating seven feet of a driveway leading to the premises where it appears from the copy of the lease attached to the bill as an exhibit that the lessor is given the right to enter the premises at all times for the purpose of making alterations, additions and improvements he may deem desirable and the lessee may not claim any damages from the lessor from the making of any alterations, additions or enlargements to the building and where it also appears that the lessee gave notice of her intention to exercise the right so reserved by enlarging one of the buildings bordering on the driveway so as to appropriate the seven feet in question.

———

### Richmond-Smith Company, Plaintiff in Error, v. William J. Richardson, Defendant in Error.

### Gen. No. 18,550.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and judgment here. Opinion filed November 4, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Zimmermann v. Kreinek, 183 Ill. App. 205.

## Statement of the Case.

Action by Richmond-Smith Company, a corporation, against William J. Richardson and Mat Anderson to recover for milk sold and delivered to defendants by plaintiff. Service was had only on William J. Richardson. From a judgment in favor of William J. Richardson, plaintiff brings error.

WILLIAM A. BOWLES AND JAMES E. BOWLES, for plaintiff in error; WILLIAM L. HART, of counsel.

JONES, BRYANT, KERNER, RING & POSVIC, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 15*—*when contract of sale not void for want of mutuality.* A contract for the sale of milk consisting of a written order signed by two persons requesting seller to ship milk daily to one of the two, the schedule of price being given and there being incorporated an agreement to receive the milk during a certain period of time, *held* not void for want of mutuality.°

2. APPEAL AND ERROR, § 367*—*when defenses not reviewable.* Defenses alleged in affidavit of merits not relied upon at the trial cannot be considered.

## Frank Zimmermann, Defendant in Error, v. Andrew Kreinek, Plaintiff in Error.

### Gen. No. 18,666.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed November 4, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.